UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

:
SHERI L. HELLEBRAND, :
: CASE NO. 5:19-cv-02382
        Plaintiff, :
:
    vs. : OPINION & ORDER
: [Resolving Docs. 22, 23]
COMMISSIONER OF SOCIAL :
SECURITY, :
:
        Defendant. :
:

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Sheri Hellebrand sought review of the Social Security Administration's denial of her period of disability and disability insurance benefits applications.[1] Magistrate Judge Jonathan Greenberg recommends vacating and remanding the denial for further consideration.[2] Defendant Social Security Commissioner objects.[3]

For the reasons stated below, this Court **OVERRULES** Defendant's objection, **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), and **VACATES AND REMANDS** the Social Security Commissioner's decision.

**I. Background**

In July 2016, Plaintiff Hellebrand applied for Social Security disability insurance benefits, claiming disability due to a latex allergy, neck pain, high blood pressure, and depression.[4] The Social Security Administration denied Hellebrand's application initially

---

[1] Doc. 1; Doc. 22 at 1.
[2] Doc. 22.
[3] Doc. 23.
[4] Doc. 16 ("Transcript" or "Tr.") at 54, 110. The ALJ's determination stated that Plaintiff's severe impairments included "obesity, osteoporosis of the L4 vertebral body and overall osteopenia of the lumbar

Case No. 19-cv-02382
Gwin, J.

and on reconsideration. Hellebrand requested a hearing before a Social Security Administrative Law Judge ("ALJ").[5]

On July 10, 2018, an ALJ held a hearing in Plaintiff Hellebrand's case.[6]

On August 29, 2018, the ALJ found Plaintiff was not disabled and was capable to perform "light work as defined in 20 CFR [§] 404.1567(b)."[7] The Appeals Council denied further review of Hellebrand's claim, making it final on August 21, 2019.[8]

On October 14, 2019, Plaintiff filed the instant case seeking review of the Social Security Administration's unfavorable decision.[9]

In her merits brief, Plaintiff argued that (1) the ALJ failed to properly evaluate Plaintiff's psychological impairment evidence, (2) the ALJ's credibility determination was not supported by substantial evidence, and (3) the ALJ did not meet his evaluative burden.[10]

On August 4, 2020, Magistrate Judge Greenberg recommended that the Court vacate and remand the Social Security Administration's denial of benefits.[11] Judge Greenberg found that the ALJ erred at step two of the five-step disability determination process: whether the claimant has shown that "that she suffers from a 'severe impairment' in order to warrant a finding of disability."[12] In finding that Plaintiff's psychological limitations were not severe,

---

spine, ischemic heart disease, and degenerative disc disease of the cervical spine." The ALJ determined that Plaintiff's "anxiety, depressive disorder, and alcohol abuse, considered singly and in combination" were "nonsevere" limitations. *Id*. at 56–57.

[5] *Id*. at 54.
[6] *Id*.
[7] *Id*. at 54–65; Doc. 22 at 18.
[8] Doc. 16 at 1–7.
[9] Doc. 1.
[10] Doc. 18 at 1. Defendant responded with a merits brief, Doc. 20, to which Plaintiff replied, Doc. 21.
[11] Doc. 22 at 33.
[12] *Id*. at 17, 26 (citing 20 C.F.R. § 404.1520(c)). Judge Greenberg explained that the five-step process includes:
> First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. . . .

Case No. 19-cv-02382
Gwin, J.

Judge Greenberg found the ALJ ignored or did not clearly consider evidence supporting Plaintiff's conditions' severity.[13] Judge Greenberg found this error was not harmless and warranted remand.[14]

Moreover, Judge Greenberg found the ALJ did not thoroughly discuss or analyze one of Plaintiff's doctors' treatment records.[15] Magistrate Judge Greenberg further noted that the ALJ will be able to reconsider Plaintiff's credibility on remand,[16] as well as his step five determination.[17]

On August 13, 2020, Defendant objected to Magistrate Judge Greenberg's R&R.[18] Defendant argues that the ALJ adequately considered Plaintiff's mental impairment evidence.[19]

---

Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. . . . Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education, or work experience. . . . Fourth, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. . . . For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled.

Doc. 22 at 17 (citing 20 C.F.R. §§ 404.1520(b)–(g) and 20 C.F.R. § 404.1560(c)).

[13] Doc. 22 at 25–27.

[14] *Id.* at 27–28 ("The ALJ erred in finding Hellebrand's depression and anxiety non-severe. The Court cannot find this error harmless because it is unclear from the decision whether the ALJ properly considered these non-severe impairments in formulating the RFC.").

[15] *Id.* at 28, 31. Defendant says the notes were cited and, therefore, adequately considered. Doc. 23 at 1.

[16] Doc. 22 at 32.

[17] *Id.* at 33.

[18] Doc. 23. Plaintiff responded to Defendant's objection. Doc. 24.

[19] Doc. 23 at 1.

Case No. 19-cv-02382
Gwin, J.

## II. Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review of objected-to portions of an R&R.[20] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[21]

When reviewing an ALJ's disability determination under the Social Security Act, a district court considers whether the ALJ's determination is "supported by substantial evidence" and "made pursuant to proper legal standards."[22] Substantial evidence is more than a scintilla of evidence. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23]

A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[24] The Commissioner's findings are not subject to reversal even if substantial evidence supports a different conclusion.[25]

However, reversal is justified where the Commissioner does not apply the correct legal standards "as promulgated by the regulations."[26]

---

[20] 28 U.S.C. § 636(b)(1).
[21] *Id.*
[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[23] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).
[24] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned as long as the ALJ's decision was supported by substantial evidence). Judge Greenberg noted: "In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence." Doc. 22 at 19 (citing *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)).
[25] *Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir. 2001) (citation omitted).
[26] Doc. 22 at 20 (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009) and *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006)).

Case No. 19-cv-02382
Gwin, J.

## III. Discussion

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."[27]

As part of the disability determination process, the Commissioner assesses whether a claimant has shown that she suffers from a "severe" impairment. A severe impairment is an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."[28]

A severity analysis is not a high hurdle, but rather a mechanism for weeding out baseless claims. As such, an ALJ must treat any impairment as severe if it has "more than a minimal effect on an individual's ability to do basic work activities."[29] Further, if the ALJ finds that one impairment is severe, they must consider the cumulative effect of a claimant's severe and non-severe impairments to determine a claimant's residual functioning capacity.[30] But, "a Step Two [severity] analysis is distinct from the ALJ's obligation to consider the impact of Plaintiff's non-severe impairments in addition to and in conjunction with Plaintiff's severe impairments in assessing Plaintiff's" residual functioning capacity.[31]

---

[27] 42 U.S.C. § 423(d)(1)(A); see also *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[28] 20 C.F.R. § 404.1520(c).
[29] SSR 96–3p, 1996 WL 374181, at *2 (July 2, 1996).
[30] SSR 96–8p, 1996 WL 374184 at *5 (July 2, 1996).
[31] *Garcia v. Comm'r of Soc. Sec.*, 105 F. Supp. 805, 811 (S.D. Ohio 2015) (quoting *Singleton v. Comm'r of Soc. Sec.,* 137 F. Supp. 3d 1028, 1034 (S.D. Ohio 2015)).

Case No. 19-cv-02382
Gwin, J.

If the ALJ finds that one of a claimant's impairments is severe, but not others, the fact that other impairments should have been considered severe as well is not a reversible error.[32] A court must consider whether the non-severity determination was a harmless error.[33]

Magistrate Judge Greenberg found that the ALJ erred in finding that Hellebrand's psychological impairments were non-severe. Although the ALJ highlighted evidence that supported his conclusion that Hellebrand's anxiety and depression were not severe impairments, the ALJ ignored other evidence supporting severity. For example, the ALJ did not address Hellebrand's two suicide attempts, treatment record notes where Hellebrand said her anxiety and depression were not well-controlled,[34] and the fact that Hellebrand had taken depression medication since 2002.[35]

A non-severity error does not necessarily warrant reversal, however.

Judge Greenberg found that the ALJ's decision should be reversed because the ALJ did not adequately discuss Hellebrand's depression, anxiety, mental health records, or treatment in his residual functioning capacity analysis.[36] The ALJ addressed the weight he gave to the "examining psychologist and the state agency reviewing sources' opinions,"[37] but it was "at best . . . unclear" whether the ALJ had fully considered Hellebrand's psychological impairments in his residual functioning capacity analysis.[38]

---

[32] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).
[33] *Huminski v. Comm'r of Soc. Sec.*, No. 5:16-cv-3000, 2017 WL 6603277, at *7 (N.D. Ohio Dec. 6, 2017), report and recommendation adopted by 2017 WL 6558599 (Dec. 21, 2017)).
[34] Doc. 22 at 25–26.
[35] *Id.* at 14 (citing Doc. 16 at 86).
[36] Doc. 22 at 25–27. *See also Hood v. Comm'r of Soc. Sec.*, No. 1:16CV1915, 2019 WL 1116185, at *2 (N.D. Ohio Mar. 11, 2019) (upholding remand on reconsideration where the ALJ did not address a condition or "or *discuss* its impact on his post-step two analysis").
[37] Doc. 22 at 26.
[38] *Id.* at 27 ("Furthermore, this paragraph focused on the findings supporting the ALJ's conclusions. Nowhere in the opinion does the ALJ mention the positive findings with respect to Hellebrand's mental impairments apart from Hellebrand presenting for treatment for a depressed mood. Therefore, even if this

Case No. 19-cv-02382
Gwin, J.

The Court agrees.

At base, the Commissioner's objection argument is that "[c]ontrary to the R&R's view, the ALJ said well enough to establish that substantial evidence, a low evidentiary bar, supports the finding that Plaintiff had not shown any work-related mental limitations."[39] Moreover, Hellebrand did not attempt to rebut the state-agency doctors' opinions that she did not have any work-related mental limitations.[40]

The Commissioner also argues that the ALJ sufficiently considered one doctor's, "Dr. Kane's[,] treatment notes and Plaintiff's mental impairments in evaluating both the severity of Plaintiff's alleged mental impairment and, later, Plaintiff's RFC."[41] The Commissioner reads the ALJ's residual functioning capacity analysis to mean that the ALJ did not consider Dr. Kane's notes to be "a medical opinion about Plaintiff's ability to function."[42] The Commissioner argues that the ALJ's reading was reasonable—falls within the "zone of choice" afforded to ALJs—because Dr. Kane's notes represent Hellebrand's self-reported symptoms, not the doctor's analysis.[43]

The Commissioner's objections do not overcome Judge Greenberg's assessment that the ALJ apparently "committed reversible error in cherry-picking the record and ignoring contrary lines of evidence."[44] The Commissioner's arguments speak more to the ALJ's final

---

paragraph could be said to satisfy the ALJ's obligation to consider Hellebrand's non-severe impairments, the ALJ would still have committed reversible error in cherry-picking the record and ignoring contrary lines of evidence."). See *Jones v. Comm'r of Soc. Sec.*, 142 F. Supp. 3d 620, 628–30 (S.D. Ohio 2015).
[39] Doc. 23 at 5.
[40] *Id.*
[41] *Id.* at 1.
[42] *Id.* at 2.
[43] *Id.* at 2–3.
[44] Doc. 22 at 27.

-7-

Case No. 19-cv-02382
Gwin, J.

findings' correctness than the key inquiry: whether the ALJ properly considered all the evidence before him.

Defendant Commissioner's emphasis on whether the ALJ correctly considered Dr. Kane's notes is misplaced, as well.[45] Dr. Kane's notes were not the reason that Judge Greenberg recommended remand.[46] Judge Greenberg found that it was, at best, unclear whether the ALJ fully considered Hellebrand's psychological impairments, discussed in the record beyond Dr. Kane's notes, in formulating the RFC. "[T]he ALJ was still required to consider [all of Plaintiff's] impairments in formulating the RFC. A failure to do so is grounds for remand in and of itself."[47]

## IV. Conclusion

For these reasons, this Court **OVERRULES** Defendant's objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **VACATES AND REMANDS** the Commissioner of Social Security's decision.

IT IS SO ORDERED.

---

[45] Doc. 23 at 2–5.

[46] Judge Greenberg noted that the ALJ's errors included "a failure to discuss or analyze Dr. Kane's treatment records," and said that the ALJ "will have an opportunity" to consider the records on remand. Doc. 22 at 31. Although the ALJ cited Dr. Kane's notes, he did not discuss why he did not weigh them as medical opinions. *See id.* at 28–30. The Commissioner argues that the ALJ adequately explained why he did not consider Dr. Kane's records as medical opinions regarding Hellebrand's ability to function. Doc. 23 at 2 ("The ALJ also noted his view that no 'other treating or examining physician or psychologist, or other medical or mental health provider rendered an opinion relevant to the formulation of the' RFC (Tr. 63). That is, the ALJ did not read the treatment notes by Dr. Kane's a medical opinion about Plaintiff's ability to function. So long as that assessment by the ALJ is a reasonable one permitted by the 'zone of choice' afforded by the record evidence, it should stand.").

The ALJ's explanation is conclusory, and he will have more opportunity to explain his reasoning on remand.

[47] Doc. 22 at 27 (citing *Little v. Comm'r of Soc. Sec.*, No. 1:14cv2792, 2016 WL 852569, at *3 (N.D. Ohio Mar. 4, 2016)).

Case No. 19-cv-02382
Gwin, J.

Dated: March 10, 2021    *s/    James S. Gwin*
                        JAMES S. GWIN
                        UNITED STATES DISTRICT JUDGE